NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO BUSTOS-BUSTOS, | No. 20-70477 |
| Petitioner, | Agency No. A206-349-788 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2021
Seattle, Washington

Before: McKEOWN and PAEZ, Circuit Judges, and ORRICK,** District Judge.

Jose Alfredo Bustos-Bustos ("Bustos-Bustos"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from an Immigration Judge's ("IJ") denial of his motion to

reopen, so that he could apply for withholding of removal and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). We grant the petition in part, deny it in part, and remand to the BIA for further proceedings as to Bustos-Bustos' CAT claim.

**1**. In denying Bustos-Bustos' motion to reopen, the IJ found that he was not eligible for withholding of removal because his prior conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(viii) was a particularly serious crime ("PSC"). An offense may be presumptively classified as a PSC if it involved illicit drug trafficking, regardless of the sentence imposed. *See Matter of Y-L-,* 23 I. & N. Dec. 270, 274 (A.G. 2002). To rebut this presumption, Bustos-Bustos bore the burden of demonstrating "extenuating circumstances that are both extraordinary and compelling." *Id.*; *see also Matter of N-A-M-*, 24 I. & N. Dec. 336, 342–44 (B.I.A. 2007), *overruled in part on other grounds by Blandino-Medina v Holder*, 712 F. 3d 1338, 1347-48 (9th Cir. 2013). Here, the IJ properly found that Bustos-Bustos' prior conviction was a PSC that rendered him ineligible for withholding of removal. On appeal, the BIA determined that Bustos-Bustos' motion to reopen was "not accompanied by any evidence that would tend to rebut the presumption" that his conviction was a PSC. We agree that Bustos-Bustos's drug trafficking

conviction is a PSC that renders him ineligible for withholding of removal. 8

U.S.C. § 1231(b)(3)(B)(ii). We therefore deny the petition as to the claim for

withholding of removal.

**2**. To be eligible for CAT relief, an applicant bears the burden of

establishing that he will more likely than not be tortured with the consent or

acquiescence of a public official if removed to his native country. *Garcia-Milian*

*v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). CAT's implementing regulations

require the agency to consider "all evidence relevant to the possibility of future

torture," and we have granted relief where the agency has failed to do so. *See*

*Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018). Moreover, the BIA

must consider "the aggregate risk" that a petitioner faces if removed and failure to

do so is error. *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011). "Public officials

acquiesce in torture if they: '(1) have awareness of the activity (or consciously

close their eyes to the fact it is going on); and (2) breach their legal responsibility

to intervene to prevent the activity because they are unable or unwilling to oppose

it.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (quoting

*Garcia-Milian*, 755 F.3d at 1034). Because Bustos-Bustos was bringing a motion

to reopen, he needed to make a *prima facie* showing of eligibility for CAT relief.

See INS v. Doherty, 502 U.S. 314, 323 (1992). In assessing "all evidence relevant

to the possibility of future torture," the IJ must consider "[e]vidence that the

3

applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3)(ii).

Bustos-Bustos presented evidence that his family was threatened with torture by gang members who were affiliated with local municipal government police. The BIA's CAT analysis does not discuss Bustos-Bustos' evidence or articulate why his family's experiences with gang-affiliated police fail to establish acquiescence. Nor did the BIA consider the threatening video Bustos-Bustos' sister received, which stated that people seeking to harm him were "everywhere." Although the agency need not expressly address every single piece of evidence presented by the petitioner, *Lin v. Holder*, 588 F.3d 981, 987–88 (9th Cir. 2009), "failing to mention highly probative or potentially dispositive evidence"—such as Bustos-Bustos' evidence that gang-affiliated police have been willfully blind and refused to investigate gang torture and threats against his family—demonstrates that all evidence was not considered. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 (9th Cir. 2014) (quoting *Cole*, 659 F.3d at 772). We conclude that the BIA did not adequately evaluate acquiescence and relocation and remand for further proceedings as to Bustos-Bustos' CAT claim.

The petition is **GRANTED** in part, **DENIED** in part, and **REMANDED** for further proceedings consistent with this disposition. We also **DENY** as moot the motion for a stay of removal.

4